United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 03-41313
Summary Calendar**

---

**In The Matter Of:   CAMELOT RETIREMENT COMMUNITY OF MCALLEN, LTD.**

**Debtor,**

**COLIN KELLY KAUFMAN,**

**Appellant,**

**versus**

**CAMELOT RETIREMENT COMMUNITY OF MACALLEN, LTD.**

**Appellee.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(M-03-CV-28)**

---

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On 26 January 1999, Camelot Retirement Community (Camelot) filed for bankruptcy under Chapter 11. Colin Kelly Kaufman, formerly an attorney for one of Camelot's limited partners, filed an application in bankruptcy court for attorneys' fees in August 2000. The court denied Kaufman's application, holding that, as a terminated attorney, he lacked standing to seek recovery under 11

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 503(b). *See* **In re American Preferred Prescription, Inc.**, 194 B.R. 721, 723 (Bankr. E.D.N.Y. 17 April 1996). The court further concluded that, even if Kaufman did have standing, he failed to demonstrate a "substantial contribution" to the estate, and was therefore precluded from recovering fees. *See* **Matter of D.P. Partners, Ltd. Partnership**, 106 F.3d 667, 673 (5th Cir. 1997), *cert. denied*, 522 U.S. 815 (1998).

After the reorganization plan was confirmed, Kaufman filed a second fee application, which was again denied by the bankruptcy court in June 2002. Kaufman appealed unsuccessfully to the district court and to this court, which affirmed in February 2004 in a short, unpublished opinion.

Kaufman also sued Camelot in June 2002 to revoke the bankruptcy confirmation order, based on allegations of fraud; he sought payment of his attorney's fees. Those allegations were substantially the same as those made in Kaufman's other action. The bankruptcy court dismissed his complaint. On appeal, the district court affirmed. Essentially for the reasons stated in the district court opinion, the judgment is

*AFFIRMED.*